**Robert Eugene TRUSSEL, Appellant,**

v.

**Gary MAYNARD, Director of the Oklahoma Department of Corrections, and Howard N. Scott, Warden, Jackie Brannon Correctional Center, Appellees.**

No. 74126.

Court of Appeals of Oklahoma, Division No. 1.

Feb. 12, 1991.

Robert E. Trussel, McAlester, Oklahoma, pro se.

Robert H. Henry, Atty. Gen., Karin M. Kriz, Asst. Atty. Gen., Oklahoma City, for appellees.

## MEMORANDUM OPINION

BAILEY, Judge:

Appellant Robert E. Trussel (Appellant or Inmate) seeks review of the Trial Court's order dismissing Inmate's action challenging certain internal grooming standards established at Jackie Brannon Correctional Center (JBCC). The Trial Court found, in essence, that Inmate could state no facts on which relief could be granted. Herein, Inmate asserts the challenged grooming code infringes upon Inmate's practice of religion, that the grooming code is arbitrary and unreasonable, that the code bears no rational relationship to any valid state concern or interest, and that the Trial Court's order dismissing his action for review should be reversed.

The Department of Corrections' (DOC) internal operating procedures proscribe beards of any length for prisoners classified as maximum or medium security risks, but allows prisoners in minimum security to maintain beards "no more than one (1) inch in length." Inmate, a non-denominational Christian, sought, as prescribed by DOC procedures, a religious exemption from the grooming code, asserting that Biblical teachings, particularly Leviticus 19:27 and Samuel 10:1–5, proscribe cutting, trimming or other alteration of a natural growing beard.

The resident Chaplin, after interview of Inmate, recommended grant of an exemption. However, at administrative hearing before the Facility Classification Review Committee, Inmate's request for exemption was denied. Upon further review by Appellee Howard Scott, Warden at JBCC, the denial of Inmate's exemption was affirmed.

Inmate then commenced the instant action in the District Court of Pittsburg County, Oklahoma, by filing of his Petition for Review on June 30, 1989, claiming that the JBCC grooming code infringed on Inmate's constitutionally protected right to practice his religion, and that the grooming code was arbitrary and unreasonable. On the same date, the Trial Court dismissed Inmate's petition. Inmate now appeals as aforesaid.

We initially observe that "prison walls do not form a barrier separating prison inmates from the protections of the [United States] Constitution." *Turner v. Safley*, 482 U.S. 78, 85, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). We further observe that the free exercise of religion is one such constitutional right which inmates retain and which right may not be infringed in the absence of legitimate penological reasons therefore. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). As otherwise stated, "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. at 89, 107 S.Ct. at 2261.

In determining the validity of prison regulations alleged to be violative of inmates' constitutional guarantees, several factors must be considered:

(1) "[T]here must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest put forward to justify it;"

(2) Availability of "alternative means of exercising the right that remain open to prison inmates;"

(3) "[C]onsideration [of] the impact accomodation of the asserted constitutional right will have on guards and other inmates, and on allocation of prison resources generally;" and

(4) "[A]bsence of ready alternatives."

*Turner v. Safley*, 482 U.S. at 89–92, 107 S.Ct. at 2262.

We have reviewed the challenged grooming code under the standards of *Turner v. Safley*. We first recognize the instant grooming code to have a "valid, rational connection" to legitimate penological interests of prison security, inmate identification, and inmate hygiene. See also, *Pollock v. Marshall*, 845 F.2d 656 (6th Cir. 1988). Secondly, we find the instant grooming code, as applied to Inmate herein, presents a valid "alternative mean" for Inmate's expression of this religious beliefs by striking a rational compromise between disallowing beards of any kind, which would approach a total denial of Inmate's

right of expression, and allowance of a beard, although of prescribed length, and we find no indication from Inmate's petition that Inmate's practice of his religious beliefs are in any other way curtailed. *Turner v. Safley,* 482 U.S. at 90, 107 S.Ct. at 2262; *Pollock v. Marshall,* 845 F.2d at 659. Thirdly, we recognize a potential increased burden on correctional staff in the event beards of unlimited length were allowed, particularly in the area of inmate security where rapid inmate identification, interdiction of contraband, and institutional order are of paramount concern. *Pollock v. Marshall,* 845 F.2d at 659. Lastly, and considering the valid penological concerns we have previously recognized, Inmate suggests, and we discern, no readily available alternatives with the requisite *"de minimis* cost to [such] valid penological interests." *Turner v. Safley,* 482 U.S. at 90, 107 S.Ct. at 2262. Under these circumstances, we therefore hold the challenged grooming code constitutionally valid.

The order of the Trial Court dismissing Inmate's Petition for Review is therefore AFFIRMED.

ADAMS, P.J., and MacGUIGAN, J., concur.